# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Justin Eaton*
Case No. 3:19-cr-00026-TMB-07

By:             THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

Before the Court is Defendant Justin Eaton's Unopposed Motion to Amend Judgment (the "Motion").[1] Eaton requests the Court "amend his judgment to include language that he is to receive credit for time served since March 24, 2021."[2] The Government does not oppose the Motion.[3] For the reasons stated below, the Court **GRANTS** the Motion.

On October 23, 2020, while serving a 30-month sentence for a Felon in Possession conviction,[4] Eaton was indicted in *United States v. Fuhrer, et al.*.[5] Eaton subsequently completed the custodial portion of his Felon in Possession case on March 24, 2021 and remained in federal custody thereafter.[6] On October 11, 2022, Eaton was sentenced to 54 months' imprisonment in this case.[7]

Eaton asserts that the Federal Bureau of Prisons ("BOP") "has not credited [him] with any time served before June 22, 2022, despite the fact he was in custody on this matter since the completion of his 30-month sentence on March 24, 2021."[8] Eaton notes that during his sentencing hearing, defense counsel stated its concern as to whether BOP would "properly credit Mr. Eaton's time already served on this matter."[9] Recognizing that BOP's calculation did not take this time into account, Eaton requests the Court amend his judgment to ensure that he receives the correct credit for time served.[10]

---

[1] Dkt. 1265 (Motion).
[2] *Id.* at 3.
[3] *Id.* at 1.
[4] 18 U.S.C. §§ 922(g)(1), 924(a)(2); *United States v. Eaton*, 3:19-cr-00009-SLG-1, Dkt. 73 (Judgment).
[5] 3:19-cr-00026-TMB; Dkt. 557 (First Superseding Indictment).
[6] Eaton was arrested on February 23, 2019 for the Felon in Possession charge and placed under Order of Detention in *United States v. Fuhrer, et al.* on November 16, 2020. *See* Dkts. 603 (Order of Detention), 1265. *See also United States v. Eaton*, 3:19-cr-00009-SLG-1, Dkts. 4 (Sealed Pretrial Services Report), 13 (Arrest Warrant Returned Executed).
[7] 18 U.S.C. § 1962(d); Dkts. 740 (Minute Entry), 1257 (Minute Entry), 1263 (Judgment).
[8] Dkt. 1265-1 (BOP Time Computation).
[9] Dkt. 1265 at 2.
[10] *Id.* at 3.

1

Federal Rule of Criminal Procedure ("Rule") 36 permits a district court "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The scope of clerical errors subject to correction pursuant to Rule 36 is defined—at least in part—by reference to Rule 60 of the Federal Rules of Civil Procedure.[11] Under the civil rule, "[t]he basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court *changes its mind*."[12]

Having reviewed the Motion and the record, the Court **GRANTS** the Motion. The record reflects and the parties agree that Eaton should be credited with time served from March 24, 2021. For this reason, the Court will amend the Judgment pursuant to Rule 36 to correct this oversight and include language that Eaton is to receive credit for time served from that date. Doing so will "conform the sentence to the term[s] which the record indicates was intended" and is, therefore, proper under Rule 36.[13]

The Court directs the United States Probation Office to prepare an amended judgment consistent with this Order.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: December 16, 2022.

---

[11] *See* Fed. R. Crim. P. 36 advisory committee's note to 1944 adoption ("The rule is similar to rule 60(a) of the Federal Rules of Civil Procedure."); *United States v. Kaye*, 739 F.2d 488, 491 (9th Cir. 1984) ("The Advisory Committee note to Rule 36 also leads us to the abundant case authority under Rule 60(a) of the Federal Rules of Civil Procedure.").
[12] *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (alteration in original) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987)).
[13] *Kaye*, 739 F.2d at 490.